With that, we will move to the second case on the argument calendar, Ploof v. Arizona. Thank you, Judge. Thank you. So, in this case, there are 15 minutes aside, and my understanding for the defendants, Ms. Baines is going to be taking 12 minutes and Mr. Hunter, 3 minutes, is that correct? Yes, Your Honor. Our arguments aren't the same, so she's going to take the lead. I may not have to say anything else. All right. Whenever counsel for the appellant is ready. I'd like to reserve 5 minutes of my time for repose. All right. Your Honors, good morning. My name is Thomas A. Connelly from the law firm of Mills and Woods Law in Phoenix, Arizona, here on behalf of... Could you speak a little louder, please? Yes, ma'am. I'm sorry. I'm here for the plaintiff, Jessica Ploof. Jessica Ploof had her parental rights terminated on August 2nd of 2019. As this court knows, parental rights and family rights are fundamental liberty interests. The Supreme Court in Santowski has said that the fundamental liberty interests of natural parents in the care, custody, and management of their child does not evaporate simply because they have not been model parents or have lost temporary custody of the child to the state. And that parents retain a vital interest in preventing the irretrievable destruction of their family life. That was by Justice Blackmun in Santowski in 1982. He also noted in that case something that I call the Simkowski rule. At page 754 in note 7, Justice Blackmun noted that the fact that important liberty interests of the child and its foster parents may also be affected by permanent neglect proceeding does not justify denying the natural parents constitutionally adequate procedures. That's what this case is all about. Counsel, the district court dismissed on the basis of the statute of limitations. And so the question that we have to look at is whether the complaint is ambiguous or whether any of the claims are clearly barred by the statute of limitations. So could you address that? There's one claim that on a particular date in 2017, I believe, I believe that's count two. I don't have it in front of me. That would seem to me to be on the face of the complaint, time barred.  The argument below and that the district court dismissed on was that the face of the complaint had a last actual date, is the language that the state used in its motion, of June 18, 2018. Right. My question is more limited than that, which is the allegation that the removal of the child in January of 2017 was actionable. And where a specific date of an event was given, why isn't at least that claim brought too late? That's claim two. It is claim two. Right. And the date you're speaking of was January 12, 2017. You allege that there was an unconstitutional seizure on that date. And that date is well outside the statute of limitations. So why isn't claim two barred on the face of the complaint? Your Honor, I think the argument, the response to that question, I think, is well discussed in the amicus brief in this case. And what you have in these sort of cases, in the child protection cases, is a conflict of interest. When the state removes a child from the home, a dependency proceeding occurs. That's not what your complaint alleges. Your complaint alleges that the event that occurred on January 17, 2017, was in itself unlawful. And so I don't understand why, on the face of it, that isn't barred. The other claims are more ambiguous, but this claim seems to me to be clear as to the specific of your claim. I don't dispute the fact that we expressly allege that the wrongful seizure occurred on January 12, 2017. But I think you have to consider what happens after that. After that seizure, there is a dependency proceeding that occurs. And it's similar to the situation where a criminal defendant, his claims don't accrue until such time as the criminal proceeding has ended. Well, that may be, but there could be situations in which the seizure itself is unlawful. For example, mistaken identity. You know, they took the neighbor's child instead of the child they were supposed to take. It was wrong right at that moment, and all that's wrong. So I don't understand why it necessarily is anything more than what you've written in Claim 2. Your Honor, you've thrown me a little bit of a curveball. Beyond the fact that there's a proceeding that occurs afterwards, and that proceeding doesn't actually conclude until the time of the termination, I don't have any other answers. Counsel, I want to get to a different issue. So I want to get to the issue the State has raised. When I read your response to the State's motion to dismiss, I read your response as very, very clearly saying the only issue you are raising is the statute should be told because of your client's mental disability. And before you make that, to me, on page 3 to 4 of your response very clear, in all of the citations that you have on pages 2 and 3, you are discussing only tolling. And I don't see anything at all in your response to the State's motion raising the same issue that is the only issue you are now raising on appeal. Why shouldn't we hold that the issue that you are basing your appeal on was forfeited or waived because the only issue you raised for the District Court and the only issue the District Court took that you were raising was mental disability tolling? I agree with your Honor that the only issue the District Court took was the mental disability. But I disagree that we did not raise the timeliness or the face of the complaint argument. Where? We say on page 3 at lines, beginning at line 1 on page 3, the untimeliness must appear beyond doubt on the face of the complaint before a claim will be dismissed as time barred and we And then you go on to say at line 15, as to plaintiffs' state law claims, federal courts addressing state law claims must apply state statutes of limitations and state law applies to the question of tolling claims and state claims. And then you say later on that here, I'm sorry, moving to the next page, the statute of limitations for all of her claims has never started to run and of course has never expired, thus none of her claims are time barred. And that's what I take your response arguing. Yes, Your Honor. That doesn't negate the fact that we did raise the untimeliness must appear on the face of the complaint. I will concede that the bulk of the analysis... Can I just stop you for a second here? And to Judge Bennett's question, I see the rule statement that you set forth addressing the defendant's burden. The state doesn't actually dispute that, right? The state's brief doesn't argue that your claims are untimely on the face of the complaint. In fact, their argument rests on a waiver argument, correct? That's correct. The state pulls an accrual date. They use a doctrine that I'm going to call the last date pled doctrine. They say that because the last date pled was June 18th of 2018, that that is the accrual date for my client's claims. And that date bears... In order for, as this court has held, a claim accrues when a plaintiff knows or has reason to know of the injury, which is the basis of the action. And on June 18th of 2018, there was a favorable report for my client that was issued. It was not a liability-inducing event. Is there any part of that, what you just said, that is in your response to the motion to dismiss? Did you point that out to the district court? No, Your Honor. We did not point that out to the district court. You started out your argument of none of plaintiff's claims are time-barred by quoting from Centaur Classic, where you say that a motion to dismiss may be granted only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was told. And then you go on to discuss tolling. Where would the district court take the argument you just made from your response? From the fact that we did identify that the untimeliness must appear beyond doubt on the face of the complaint. Where in your response do you suggest that that argument had anything to do with anything other than mental disability tolling? Just point me to anything other than what you just said, where you're bringing to the court's attention anything beyond the statute hasn't run because of my client's low IQ and mental disability tolling under Arizona state law. Your Honor, I believe that alerting the district court to the principle that the statute of limitations is an affirmative defense and it must appear beyond doubt on the face of the complaint is adequate to alert the court to the fact that it should look to see whether June 18, 2018 is a liability-inducing event. The district court does no analysis of its own. It simply picks up the state's argument. Does this court have enough information from the complaint to decide when each claim, putting aside Claim 2 for a minute, which I think has a very specific date that is associated with it, that's alleged in the complaint, does this court have enough information from the complaint to decide when each claim accrued here? When your client knew or should have known as to these particular claims? No, Your Honor, I don't think so. And it's not incumbent on a plaintiff to plead every date and to plead around a statute of limitations defense. I think what happened with the district court is the district court's opinion itself is plain error or fundamental error. And as we note in our briefs in front of this court, there are exceptions. If the court finds that the plaintiff has waived the face of the complaint argument, there are exceptions to that rule. And I think they apply here, particularly the third exception, which is that the issue is purely one of law and either does not depend on the factual record developed below or the pertinent record has been fully developed. Counsel, if we were to reach that issue, which is look and see if an exception applies, in your view, would we be entitled to look at the facts that were found by the Arizona Court of Appeals as to what actually happened in this case? Well, Your Honor, I think that the Court of Appeals does not discuss all of the pertinent facts. I think you can rely on facts found by the Court of Appeals because it's a matter of public record. But I wouldn't suggest that the Court of Appeals opinion includes all the pertinent facts. There are a number of things that occurred after the June 18, 2018 date, which are alleged in the complaint. For instance, that the state in August of 2018 filed a petition to terminate my client's parental rights. That in March or April of 2019, Dr. Underwood conducted an evaluation of my client. That in October of 2019, Dr. Thal did another reassessment. And most pertinent, I believe, is that on August 2nd of 2019, my client's parental rights were terminated. And then, of course, it's not until July 28th of 2021 that the Court of Appeals affirms that severance. So there are a number of what I would call liability-inducing events that occur after June 18th of 2018. So, counsel, you're basically out of time, but we will give you some time for rebuttal. Thank you, Your Honor. Good morning, Your Honors. May it please the Court, my name is Rebecca Baines on behalf of the State Defendants. And I'll just kind of jump in and begin responding to the arguments that Plaintiff's Counsel just made. And I'll start with his waiver. As Judge Bundy... Counsel, let me ask you this question, since you're starting with that argument. And as far as I can see, that's really the only argument that the state is advancing. The state's brief doesn't argue that Ms. Plouffe's claims are untimely on the face of the complaint. So are you admitting that the District Court erred, that its order was an error? And are you resting only on your waiver argument? We're not necessarily resting only on the waiver argument. I realize that that is what we fully briefed because it's absolutely correct. And Plaintiff's Counsel was not able to point out where in their response to our motion to dismiss, they made any sort of argument like... What about the rule of law that exists, that there is burden shifting that occurs, that the state bears the burden to show that once there are ambiguous periods of time... You know, I don't understand how the District Court used this sort of last date... Your opposing counsel calls it the last date doctrine. I'm not familiar with such a doctrine. So I think that they did put forward to the District Court the rule, the standard that it should have adopted for purposes of looking at the statute of limitations at the motion to dismiss stage. Well, I would agree that in their recitation of the applicable legal standards, they did say the general rule regarding motions to dismiss based on the statute of limitations. And you agree that that's a correct statement of law, do you not? I agree, yes, that at the motion to dismiss stage, the complaints should be dismissed only if they are clearly untimely. But that did not suffice. A passing reference to an argument is not sufficient. Counsel, we have the authority, do we not, to consider this purely legal question, even if it was not raised below. Do you agree? If one of the exceptions... And so to the point of whether it's... And one of the exceptions is a pure question of law as to which there's no further factual development required. And when we're looking at a dismissal on the pleadings for statute of limitations grounds, there's no record to look at other than the complaint. And it's a question of law. So why wouldn't we be entitled to apply that exception? Well, while accrual is a question of law, it still turns on the facts of the specifics of the complaint and whether those facts alleged in the complaint were timely under the applicable statute. That's a question of law as to whether the complaint is unambiguous... Whether it meets the requirement that you agreed is correct that the face of the complaint unambiguously demonstrates that the statute of limitations has expired. That's a legal standard when we look at the complaint. So why wouldn't that exception apply? I think that that part of the exception would apply, but I think you still look at whether there were any exceptional circumstances that justify raising a new argument for... And Plaintiff's Counsel has not offered any... What's the prejudice other than that you don't want to lose? Is there any meaningful prejudice from our looking at this complaint? Well, I think that there is, because it forces the State Defendants to go back and re-litigate and re-litigate arguments that could have... Well, the Counsel allows the Plaintiff to re-plead to clarify whether any of these claims is timely, and there may not be. But there wasn't even one opportunity to amend given. But she did have the opportunity to, one, present this argument below. She was on notice of what the State Defendant's argument was. She responded to that argument, but did so with a tolling argument. Do you contend that it is clear on the face of the complaint that the claims other than Count 2 are time-barred? Or do you agree that they are, in fact, ambiguous? I do not agree that they are all ambiguous, and I can explain why. So I agree with Count 2 that we do know from the face of the complaint that that occurred in January of 2017, which is... Do you agree that Ms. Plouffe's parental rights were severed on August 2nd of 2019? I do believe that's correct. And that is within the period of time for the statute of limitations two years before the complaint was filed, correct? But that is not what the accrual date is. The accrual date is when Ms. Plouffe knew that she had a complete cause of action, which for Count 2 was the termination date. I believe that Count 5, which is regarding the conspiracy among several defendants related to one of Dr. Thal's reports, that all of the allegations in the complaint show that that occurred in March of 2018, which is more than two years before the complaint. And Counts 7, 8, and 9, Ms. Plouffe's allegations, those claims relate to medical decisions and treatment and educational decisions. Her allegation is that those allegedly unconstitutional acts occurred prior to any finding of the dependency. And we know from the first decision of the Arizona Court of Appeals, which Ms. Plouffe today has recognized, we can look at that decision, occurred in late January of 2017. So even if this Court is going to review this question of accrual, it is clear that five... On the face of the complaint? Well, I think at least for Counts 2, 7, 8, and 9, her own allegation, and even 5, happened in March of 2018, indicating that, yes, those facts that we know occurred more than two years before she filed her complaint in December of 2020. So I don't believe that the severance date is the relevant date for accrual purposes. So, you know, I think that finding waiver is appropriate. There's nothing exceptional about this case that should allow her to raise a new argument that could have and should have been raised below. But if this Court is inclined not to find waiver, it should not remand on all claims. So I am happy to answer other questions that this Court has. Otherwise, we ask that you affirm. All right, we'll hear from your co-counsel. I'm Jeff Hunter on behalf of Dr. Thal. I'm sorry, we can't hear you. I'm Jeff Hunter on behalf of Dr. Thal. I just have a brief statement. Before the District Court, the plaintiff argued that the reason sexual limitations are not run is because of tolling. The tolling related to her cognitive difficulties. The only reason you argue before a District Court judge that sexual limitations is tolled is because you know you're beyond the two years. If you're within the two years, you don't have to argue tolling. You make your argument, one, I'm within the two years. By the way, it still is tolled. Here, before the District Court, plaintiff never made the argument, never contested the two years that run. At that point, the burden shifts from the defense to the plaintiff to demonstrate that the tolling or discovery rule is applicable. Here, once again, plaintiff never argued the claims were within two years. They only argued tolling applied. Tolling extends the statute of limitations beyond the two years. Thank you. All right, counsel, we'll give you three minutes for rebuttal. Thank you, Your Honor. First of all, I don't understand why Dr. Thal's counsel is here. Counsel, we've made a decision on that. Please move on to your argument. I didn't know that. Thank you, Your Honor. I should say defendants have the right to allocate their time and we have permitted that. Why don't you put three minutes back on the clock here and why don't you begin your substantive argument. Thank you, Your Honor. This court conducts a de novo review of a decision on a motion to dismiss and that's the same as if the issue had not been heard before and as if no decision previously had been entered. That's what this court said in Shane v. Albertsons, Inc. in 504 F. 3rd 1166 at 1168. And unlike what we're doing here today, having an oral argument on the issues, there was no oral argument at the district court. So who's to say that we wouldn't have more fully articulated the face of the complaint argument at oral argument had we been given that opportunity. And the issue here is one purely of law. The facts relevant to the issue we're talking about today are fully developed and contained in the record before this court. While I did concede that the appellate court opinions are public record, they're still not within the face of the complaint. But counsel for the state said that Ms. Plouffe knew that she had claims. In order to know you have claims and that a claim has accrued, you also have to be aware that you've been damaged. The true damage didn't occur until she lost her child and her parental rights were severed. Up until August 2nd of 2019, even when the state filed its petition to terminate her parental rights, the case plan was still a joint case plan of family reunification or severance. It wasn't purely severance. So she wasn't on notice at that time that she was going to lose her parental rights. In our view, the correct accrual date is the earliest accrual date for the majority of the claims, including the conspiracy claims, is going to be August 2nd of 2019. That's because as to the conspiracy for example, that was between the state and Dr. Thal. He changed his opinion from one that was favorable to co-parenting to one that was not favorable to co-parenting. And that's what ultimately was relied upon by the trial court in terminating my client's parental rights. And so it wasn't even the date he made those changes that her claims accrued, but it was when her parental rights were terminated. Do you have a concluding statement, counsel? Your time is up. I think that the court, based on the record before it, is well within its power and rights to remand to the district court for further proceedings, and I ask that that's what you do. Thank you. All right. We thank counsel for their arguments and the case just argued is submitted.
judges: GRABER, BENNETT, DESAI